Marco Antonio **RODRIGUEZ PONCE;** et al., Petitioners,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 04–74271.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2005.*

Decided Nov. 16, 2005.

Marco Antonio Rodriguez Ponce, Orange, CA, pro se.

Rocio Rodriguez Ponce, Orange, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, U.S. Department of Justice Civil Div./Office Of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, LEAVY and BERZON, Circuit Judges.

MEMORANDUM **

Marco Antonio Rodriguez Ponce and Rosia Rodriguez Ponce, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an im-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

migration judge's ("IJ") order denying cancellation of removal based on a determination that they abandoned their applications. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

In their opening brief, Petitioners do not challenge the BIA's determination that the IJ properly denied Petitioners a continuance and deemed their applications for cancellation of removal abandoned. Because those determinations form the basis of the BIA's decision, Petitioners waive any challenge to the BIA's order. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996).

Petitioners' contentions regarding continuous physical presence are unavailing because the BIA did not base its decision on that ground.

Petitioners' contention that the BIA inappropriately applied the summary affirmance guideline, 8 C.F.R. §§ 1003.1(e)(4)(A) and (b), is unavailing because the BIA did not summarily affirm.

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft*, 365 F.3d 741, 750 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**